JAMES T. FOSTER, Respondent, *v.* BENJAMIN F. REYNOLDS, Appellant.

1. *Pleading—Mortgage—Injunction.*—A party seeking to enjoin a sale under a mortgage or deed of trust, must set forth specifically the defence relied upon, such as payment, want of consideration, &c.; it is not sufficient to allege that he does not owe the note described in the mortgage.

2. *Mortgage—Future Advances.* — A mortgage may be given to secure future advances, or as a general security for balances which may become due; and the security may be taken in a sum large enough to cover the floating debt to be secured thereby.

3. *Mortgage—Parol Evidence.*—Parol evidence is admissible to show with what purpose and intent a mortgage was executed; as, that, although upon its face it was given to secure a specific sum, it was intended as a security for future advances and responsibilities.

*Appeal from Madison Circuit Court.*

*J. G. & J. A. Beal,* for appellant.

I. The court below should have permitted the defendant to prove by parol evidence the object of the execution of the deed of trust; that the sum of $2,625, for payment of which the deed was given to secure, was intended by the parties to secure future advances and security for debts of Foster not exceeding the sum of $2,625.

"Mortgages may be given to secure future debts, advances and responsibilities; and when the deed recites the amount of a note for which the mortgage is given, parol evidence is

admissible to show that it was intended to secure future advances or liabilities. And this security may be for future advances in the form of a mortgage for a specific sum sufficiently large to cover the amount of the floating debt intended to be secured"—Bk. of Utica v. French, 3 Barb. Ch. 293; Collins v. Carle, 13 Ills. 254; 1 Hill. on Mort. 212–13; 17 Mo. 58.

A mortgage taken to secure future advances is valid although it does not show upon its face the real character of the transaction—13 Ills. 254; 7 Ala. 143; 5 Binn. 585.

Where a bond and mortgage are actually given to secure a particular specified debt, it may be shown by parol evidence that it was intended to cover a distinct and separate debt—3 Barb. Ch. 293.

II. The demurrer of appellant to the petition of respondent should have been sustained, because the petition fails to show why the respondent does not owe the mortgage note of $2,625. The facts should be stated as fully as required in the answer—R. C. 1855, p. 1229, § 3; 15 Mo. 628; 18 Mo. 383; 35 Mo. 172, 316.

If the debts were not secured by the mortgage as alleged by respondent in his petition, then there would be no such irreparable injury as will authorize a court of equity to interfere by injunction, as the sale would be void—R. C. 1855, p. 1248, § 4, & p. 1249, § 9; Sayre v. Tompkins, 23 Mo. 443; 32 Mo. 497; 19 Mo. 490.

Errors and informalities in the proceedings are released in an application for injunction—R. C. 1855, p. 1249, § 10. The notice by the trustee was merely informal and erroneous in stating a sale for anything else but the mortgage note. The debts mentioned in the notice of the trustee constitute the consideration of the mortgage note.

A mortgage may be made to secure the payment of money, the performance of a duty either existing at the time the conveyance is made, or to be created, or to arise in future—Brant v. Robertson, 16 Mo. 143; 1 Hill. on Mort., ch. 3, § 3, p. 52, 3d ed.

III. A mortgage given to secure future advances may be taken for a *specific sum* sufficient to cover the floating debt intended to be secured—1 Hill. on Mort. ch. 12, § 46. Parol evidence was admissible to establish the fact, that the debts paid by appellant for respondent was in pursuance of and upon the faith of the mortgage (same authority). The holder of such a mortgage may advance upon it up to the sum specified, and be secure in his advances to the extent of such advances—Ibid.

The case of Curle's heirs v. Eddy, relied on by respondent in the court below, in 24 Mo. 117, is not in point, nor does it support the respondent's cause.

*Emerson*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

The respondent in this cause made application to the Circuit Court to enjoin the appellant from selling certain real estate under and by virtue of a mortgage. The petition stated that on the 23d day of June, 1860, the respondent conveyed certain real estate in trust to secure the payment of a certain note, described in the deed of mortgage for the sum of $2,625; that the appellant advertised the mortgaged property for sale on the 25th day of September, 1863, and in the notice stated that the mortgage was to secure the note therein described, and also any demands which might be paid by appellant as security or endorser for the respondent, and that payments as such security and endorser had been made amounting in the aggregate to upwards of $700. The petition then averred that the mortgage was not given to secure any debt which appellant might pay as security or endorser, and there was no such power given by the said mortgage. The respondent by his petition then denied that appellant had paid for him the sum of $700, or any part thereof, and denied also that he owed the note for $2,625, or any part thereof. To this petition there was a demurrer, which the court overruled.

The appellant then filed his answer, stating in substance that previous to and at the time of executing the mortgage by the respondent, he, the said respondent, was greatly indebted and embarrassed; that his property was about to be attached, and that in order to afford temporary relief to the respondent it was agreed by and between respondent and appellant, that the appellant should endorse for the respondent, or become liable as security for his debts then immediately pressing him, and that in consideration thereof the mortgage and note in question were executed; that it was not known at the time of the execution of the mortgage to what extent the respondent was indebted and for what amount he would require the appellant to become his endorser or surety; that the mortgage note for $2,625 was given in consideration of the liability which the appellant would incur by his endorsing for and becoming respondent's security, and that to secure him in such liability it was given in an amount sufficiently large to cover and include all sums which might be required to be assumed by the arrangement. The answer then set out specifically the debts which the appellant had paid for and on account of the respondent by reason his becoming his surety or endorser, and prayed that the temporary injunction which had been granted might be dissolved.

On a final hearing of the cause, the court excluded all the testimony relating to the agreement between the parties, and not embodied in the mortgage, on the ground that it tended to contradict, alter and vary the written contract, and then made the injunction perpetual.

The court erred in refusing to sustain the demurrer to the petition; the allegation that the respondent did not owe the note was not sufficient. If payment, want of consideration, or any other defence was relied on, the nature of the defence should have been specifically set forth.

We are not aware that the precise point has been adjudged in our courts, but the cases are very numerous showing that a mortgage or judgment may be given to secure future ad-

vances, or as a general security for balances which may become due from time to time from the mortgagor or judgment debtor; and this security may be taken in the form of a mortgage or judgment for a specific sum of money sufficiently large to cover the amount of the floating debt to be secured thereby—Bk. of Utica v. Fink, 3 Barb. Ch. 303; Shirras et als. v. Craig et al., 7 Cranch, 34.

The next question is as to the admissibility of the evidence, or whether the principle will apply when the mortgage does not on its face provide for future advances and responsibilities. The mortgage is taken to secure $2,625, and it is recorded for that sum. Now, if there has been no money paid, it is clear by the well established principles of law that the mortgagor is not prohibited by his signature from showing that fact by parol. Parol evidence is often admitted not to contradict the written instrument, but to show with what purpose and intent it was executed. Such evidence is admissible to show that a deed or bill of sale absolute on its face was intended as a mortgage, or as a security for money only—Van Buren v. Olmstead, 5 Paige, 9; Johnson v. Huston, 17 Mo. 58.

We are therefore of the opinion that the evidence offered by the appellant and excluded by the court was admissible, not for the purpose of contradicting or explaining the written instrument, but for the purpose of establishing the fact that the endorsements were made and the liabilities resulting therefrom were paid on the strength of the security contained in the mortgage. The court should have proceeded to a complete adjustment of the equities between the parties and admitted the evidence.

The judgment is reversed and the cause remanded for further proceedings in accordance with this opinion. Judge Holmes concurs; Judge Fagg absent.