ALTRINGER, *Plaintiff in Error*, v. CAPEHEART.

1. **The Word "Release,"** following the words "grant, bargain and sell," in a deed, *Held*, not to restrict the meaning of these words so as to destroy the covenants which by statute they import.

2. **Deeds.** The consideration clause in a deed is always open to explanation.

*Error to Henry Circuit Court.*—HON. F. P. WRIGHT, Judge.

*B. G. Boone* for plaintiff in error.

*Ladue & Fyke* for defendant in error.

NORTON, J.—This is an action of ejectment to recover possession of eighty acres of land in Henry county. The petition is in the usual form, and the answer is a general and specific denial. On the trial judgment was rendered for defendants, from which plaintiff prosecutes his writ of error. It was admitted on the trial that Joseph Capeheart entered the land in controversy from the United States. Plaintiff, to maintain his cause of action, offered in evidence a deed of warranty from Joseph Capeheart and wife, to one Joshua F. Furgerson, to the land in controversy, dated November 10th, 1860; also a mortgage on said land from Furgerson to George Gutridge, dated ——, 1863; also a sheriff's deed from Henry T. Dodson, as sheriff of Henry county, to George Gutridge, for said lands, which was sold under decree and judgment of foreclosure of said mortgage from Joshua F. Furgerson to George Gutridge, said sheriff's deed was dated October 15th, 1870; also warranty deed from George Gutridge and wife to plaintiff in error, dated January 20th, 1874; also second deed of warranty from George Gutridge and wife to plaintiff in error, for said land, dated January 20th, 1874. The defendant, in support of his title, introduced and read in evidence, against objection of plaintiff's counsel, a certain deed from George Gutridge and wife to Joseph Capeheart, to the land in question, dated November 17th, 1866; also a

deed from Joseph Capeheart and wife to Aaron Capeheart and James Capeheart, dated in 1869; also a deed from Aaron Capeheart and James Capeheart to defendant, John Capeheart, dated in 1871. It was further admitted by both parties, on the trial of the cause, that at the time of the execution of the deed of November 17th, 1866, from George Gutridge and wife to Joseph Capeheart, (read in evidence by defendant,) the mortgage from Furgerson to Gutridge was outstanding and unpaid, and belonged to said George Gutridge; and it was further admitted, by both parties, that said mortgage was, afterwards, foreclosed, and that Gutridge purchased the land in controversy at the foreclosure sale.

The controlling question in the case arises upon the construction of the following deed: "Know all men by

1. THE WORD "RE-LEASE." these presents, that we, George Gutridge and Elizabeth, his wife, of the county of Henry and State of Missouri, have this day, for and in consideration of $1.00, to them in hand paid by Joseph Capeheart, the receipt whereof is hereby · acknowledged, do grant, bargain and sell, and by these presents do grant, bargain, sell and release unto the said Joseph Capeheart, his heirs and assigns forever, the following described real estate, being the same several tracts or parcels of lands conveyed by S. K. Williams, sheriff of Henry county, to said George Gutridge by deed, bearing date October 13th, 1866, and therein fully described and set forth." Then follows a description of the lands embracing 320 acres, and including the lands in controversy. "To have and to hold the above described real estate free from the claim or claims of all persons whatever. In witness whereof, we have affixed our hands and seals this November 17th, in the year of our Lord one thousand eight hundred and sixty-six. (1866.)

GEORGE GUTRIDGE, [SEAL.]
ELIZABETH GUTRIDGE, [SEAL.]"

The trial court declared that the words "grant, bar-

gain and sell," in the deed, expressed, on the part of Gut-
ridge, that he was, at the time of its execution, seized of
an indefeasible estate in fee simple in the lands conveyed,
and that said lands were free from incumbrances, done or
suffered by Gutridge, or any person under him; and also,
for further assurance of such real estate to be made by
Gutridge to Capeheart, and that whatever title was acquired
by Gutridge at the sale made under the decree foreclosing
the mortgage from Furgerson to Gutridge, dated in 1863,
passed to Capeheart by virtue of the deed executed by
said Gutridge in November, 1866. Under 1 Wag. Stat.,
sec. 8, p. 274, the words grant, bargain and sell in all con-
veyances in which any estate of inheritance in fee simple
is limited, shall, unless restrained by express terms con-
tained in such conveyance be construed to express all the
covenants above mentioned. It is, however, urged by
counsel, that the word release contained in the deed, has the
effect of restricting the words grant, bargain and sell, so
as to destroy the statutory covenants which these words
import, and convert it into a deed of mere quit-claim.
We think the objection is not well taken. The words
grant, bargain and sell first occur in the deed wholly un-
restricted, and the deed conveys, in express terms, the land
itself to Capeheart and his heirs forever, free from the
claims of all persons whatever, and not simply the right,
title and interest of Gutridge. We have been cited to the
cases of *Gibson v. Chouteau* 39 Mo. 566; *Chauvin v. Wag-
ner*, 18 Mo. 531; *Bogy v. Shoab*, 13 Mo. 380. In no one of
these cases do the words grant, bargain and sell occur in
the deed, and the deeds considered by the court conveyed
only the right, title and interest of the grantors, and they
were, therefore, put on the footing of quit-claim deeds
under which no after-acquired title would pass.

It is also objected that the court erred in admitting the
evidence of Capeheart, showing that the deed of 1866,
2. DEEDS. from Gutridge to him, was made in consider-
ation of a conveyance by Capeheart to Gutridge of another

eighty acre tract of land. We perceive no error in this, as the consideration clause in a deed is always open to explanation or contradiction. *Fontaine v. Boatmen's Saving Institution,* 57 Mo. 553; *Miller v. McCoy,* 50 Mo. 214.

Judgment affirmed, in which the other judges concur.

AFFIRMED.