## THE STATE v. CURTIS, *Appellant.*

1. **Evidence**: MURDER.    Statements of the deceased are not binding upon the State in a trial for murder as admissions of a party to the record, and if not receivable on the footing of dying declarations or as part of the *res gestae*, must be excluded.

2. **Murder**: FIRST DEGREE.    Where there is a willful killing with malice aforethought and deliberation, that is, with malice and premeditation, in a cool state of the blood, the offense is murder in the first degree.    This definition does not include cases in which specific acts are by statute made murder in the first degree.

————: SECOND DEGREE.    Where there is a willful killing with malice aforethought, that is, with malice and premeditation, but not with deliberation, or in a cool state of the blood, the offense is murder in the second degree.    No homicide can be murder in the second degree unless the act causing death was committed with malice aforethought, that is, with malice and premeditation.

**Manslaughter.**    Where there is a willful killing without deliberation, and not with malice aforethought, the offense is man-

slaughter, but whether in the second or fourth degree will depend upon whether the facts bring the killing within the 12th or the 18th section of the chapter on homicide.

3. **Evidence**: STATEMENT OF DEFENDANT IN A MURDER CASE. Where a statement made by the defendant in relation to a homicide charged against him is offered in evidence by the State, the jury must consider it all together. The defendant is entitled to the benefit of what he said for himself, if true, as the State is entitled to the benefit of anything·he said against himself. The latter the law presumes to be true; the former the jury are not bound to believe because said in a conversation proved by the State; they may believe or disbelieve it as it is shown to be true or false by all the evidence in the case.

4. **Murder**: PRESUMPTION OF MALICE. If a homicide is shown to have been committed willfully, premeditatedly and deliberately, with means and instruments likely to produce death, the malice requisite to make the offense murder will be presumed.

*Appeal from Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED.

*Shanklin & Waters* for appellant.

*J. L. Smith*, Attorney-General, for the State.

HOUGH, J.—The defendant was indicted for murder in the first degree, for the killing of one Chas. Powell, and was tried and convicted of murder in the second degree.

In a difficulty at a disreputable house in Chillicothe, on the night of the 27th of July, 1878, the deceased was stabbed and mortally wounded, and on the 14th day of September following, died of the wounds then received. The·deceased, the defendant and one Stoner, and others were together in a room, the only light in which was a lamp, which the deceased took in his hand to go into an adjoining room, when it either fell into the lap of the defendant or was knocked from Powell's hand by the defendant, and was extinguished, and a struggle ensued in the dark, in which deceased was stabbed. The testimony tended

to fasten the crime upon the defendant. The deceased immediately after being stabbed left the house, and walked about one hundred yards, when he fell and soon after became insensible, and so remained until six o'clock next morning.

The defendant offered to prove by the sheriff that he arrested Stoner and took him to Powell's room between nine and ten o'clock on the morning of the 28th, and that Powell recognized Stoner as the man who cut him. This testimony was rejected by the court, and its exclusion is assigned as error. The defendant also complains of the action of the court in giving the following instructions on the part of the State :

4.  The jury are instructed, if they believe from all the facts and circumstances beyond a reasonable doubt, that the defendant willfully and with his malice aforethought, but without deliberation and premeditation, stabbed and killed the deceased, Charles Powell, as charged in the indictment at the county of Livingston, and State of Missouri, then they will find him guilty of murder in the second degree, and assess his punishment at imprisonment in the State penitentiary for a term not less than ten years. The jury are instructed that murder in the second degree is the wrongful killing with malice aforethought, but as stated above, without premeditation and deliberation ; it is where the intent to kill is in a heat of passion executed the instant it is conceived or before there has been time for passion to subside.

8.  In considering what the defendant said after the fatal stabbing, the jury must consider it all together. The defendant is entitled to the benefit of what he said for himself, if true, as the State is anything he said against himself in any conversation proved by the State. What he said against himself in any conversation the law presumes to be true, because against himself ; but what he said for himself the jury are not bound to believe because said in a conversation proved by the State; they may be-

lieve or disbelieve it as it is shown to be true or false by all the evidence in the case.

10. The court instructs the jury that if the killing was committed willfully, premeditatedly and deliberately with means and instruments likely to produce death, then the malice requisite to murder will be presumed; and if the jury are satisfied from the evidence, beyond a reasonable doubt, that the defendant stabbed and killed Charles Powell willfully, maliciously, premeditatedly and deliberately with an instrument likely to produce death, then it devolves upon the defendant to adduce evidence to meet and repel such a presumption.

The statements of the deceased, on the morning after the difficulty, identifying Stoner as his assailant, were prop-

1. EVIDENCE: murder. erly rejected. They were not made *in extremis*, and indeed were not offered as dying declarations, and hence, were not admissible on that ground. Nor could they, in any point of view, be regarded as the declarations of a party to the record, or as binding upon the State. In criminal prosecutions the State sustains no such relation to the party injured as will render his declarations admissible in evidence against the State. *Commonwealth v. Densmore*, 12 Allen 535; *People v. McLaughlin*, 44 Cal. 435. Nor were the declarations of the deceased admissible as part of the *res gestae*. Immediately after the stabbing and before Powell left the house, he declared that Curtis cut him, and while being carried to the hotel from the place where he fell, he was sufficiently conscious to state where he wished to be taken. The statement sought to be introduced was not made until nearly four hours had elapsed after his return to consciousness on the morning of the 28th. So that there was no such continuing unconsciousness from the time when the wound was inflicted to the time when the declaration was made, as would render such declaration a part of the *res gestae* even on the theory contended for by the defendant.

The fourth instruction given on behalf of the State is

erroneous.   It is contradictory and calculated to mislead.
2. MURDER: first    There is no murder in the second degree un-
degree.    der our statute without premeditation.   No
homicide can be murder in the second degree, which was
not murder at common law.   The statute so declares,
Wag. Stat., p. 446, § 2.   To constitute murder at common
law, the homicide must have been committed "willfully
and with malice aforethought," or as the statute of 23
Henry VIII, chap. 1, § 3, expressed it "of malice pre-
pensed."   Now the word "aforethought," and "prepensed"
or "prepense," each mean "premeditated" or thought of
before hand.   These words, thus explained, do not mean
that malice should be premeditated, for as was said in the
*State v. Wieners*, 66 Mo. 20, that would be absurd, as malice
is only a condition of the mind, but they mean that the act
which the party is prompted by his malice to commit
should be premeditated or thought of before hand, and if
such act so prompted, be homicide, then of course it must
be premeditated.   *Keenan v. Com.*, 44 Penn. St. 55.   The
words "with malice aforethought" are equivalent to the
words "with malice and premeditation."   *People v. Vance*,
21 Cal. 400.

Now to tell the jury that if they find that the defend-
ant willfully and with premeditation and malice, but with-
out premeditation, stabbed and killed the deceased, they
will find him guilty of murder in the second degree, is con-
tradictory and absurd.   Malice aforethought is usually
defined, by defining premeditation and malice.   In the case
at bar, premeditation is not defined, nor is the term "malice
aforethought" defined.   Simple malice is defined, but
there is a substantial difference between malice and malice
aforethought.   1 Bishop Crim. Law, § 429.   In *Regina v.
Griffiths*, 8 Carr. & Payne 248, Alderson, B., said:   "By
the term "maliciously" is not meant with "malice afore-
thought," because if it were with malice aforethought that
would constitute a still more grave offense as that would
show an intent to murder."   In *Bradley v. Banks*, Yelv.

205, A. it is said:    *    *    " Although the indictment or the appeal says that the defendant *murtravit* such a man, if it does not say *malitia praecogitata*, it is but manslaughter."

That we have assigned to premeditation its proper place, may be shown by examining this question from another point of view. Murder at common law was a homicide committed " willfully and of malice aforethought." Our statute in substance declares that every willful, deliberate and premeditated killing, being also murder at common law, shall be murder in the first degree. Every other homicide, being murder at common law, and not declared to be manslaughter in some of its degrees, is murder in the second degree. In the *State v. Wieners, supra,* it was said : " premeditation and deliberation are not synonyms and a homicide may be premeditated without being deliberately committed." It was further held in that case that " murder in the second degree is such a homicide as would have been murder in the first degree, if committed deliberately." If these views be correct it must necessarily follow that all intentional homicides committed with premeditation and malice, but without deliberation must be murder in the second degree. The word deliberation, as used in the statute implies a cool state of the blood, and is intended to characterize what are ordinarily termed cold-blood murders ; such as proceed from deep malignity of heart, or are prompted by motives of revenge or gain. These are classed as murders in the first degree. On the other hand, premeditation may exist in an excited state of mind and if the passion or excitement of the mind be not provoked by what the law accepts as an adequate cause, so as to rebut the imputation of malice, an intentional killing under the influence of such a passion will be murder in the second degree. If the party act upon sudden passion, engendered by reasonable provocation, the existence of malice will be negatived and the killing, though intentional, will be manslaughter in the fourth degree. *State v. Edwards, ante,* p.

480.   To make our meaning plain we will recapitulate our classification of intentional homicides.

Where there is a willful killing with malice aforethought and deliberation, that is with malice and premeditation, in a cool state of the blood, the offense is murder in the first degree.

This definition is not intended to include cases in which specific acts are by statute made murder in the first degree.

Where there is a willful killing with malice aforethought, that is with malice and premeditation, but not with deliberation, or in a cool state of the blood, the offense is murder in the second degree.

Nor can any homicide be murder in the second degree unless the act causing death was committed with malice aforethought, that is with malice and premeditation.

Where there is a willful killing without deliberation and not with malice aforethought, the offense is manslaughter; but whether manslaughter in the second or fourth degree, will depend upon whether the facts bring the killing within the 12th or the 18th section of the chapter on homicide, *State v. Edwards, supra.*

We deem it unnecessary to examine the views presented in the elaborate argument of counsel for the defendant, in regard to the eighth instruction.   It 3. EVIDENCE: statement of defendant in a murder case. is almost a literal copy of an instruction which received the approval of this court in the case of the *State v. West*, 69 Mo. 406.   This instruction, though in the form in which it is usually given, it must be confessed is not happily worded, and while its phraseology might be improved without impairing its force, we do not think it calculated to mislead.   Men of ordinary capacity will readily understand it, and can intelligently and properly apply it to the facts of every case in which there is any necessity for giving it.

We perceive no error in the tenth instruction.   It more than complies with requirements of the rule laid

**4. MURDER:** presumption of malice. down in the case of *State v. Alexander*, 66 Mo. 148. After stating in the first paragraph that malice will be presumed from a premeditated and deliberate killing with a deadly weapon, the succeeding paragraph expressly requires the jury to find from the evidence beyond a reasonable doubt that the killing was maliciously as well as willfully, premeditatedly and deliberately done with a deadly weapon. This paragraph rendered all reference to legal presumptions wholly superfluous. For error committed in giving the fourth instruction the judgment will be reversed and the cause remanded. The other judges concur.