THE STATE v. ROBINSON, *Appellant.*

1. **Murder in the Second Degree.** Premeditation is a necessary constituent of murder in the second degree. The death itself, however, need not have been premeditated, but only the act causing the death.

2. **Instructions in case of Homicide.** When the evidence is such that the jury may convict of either one of several grades of homicide, it is the duty of the court to give suitable instructions as to each grade. Failure to do this is a fatal error.

*Error to Clinton Circuit Court.*—HON. GEORGE W. DUNN, Judge.

REVERSED.

*Hamilton & Fisher* for plaintiff in error.

*D. H. McIntyre*, Attorney General, for the State.

HOUGH, J.—The defendant was indicted for murder in the first degree and was convicted of murder in the second degree. It is unnecessary to state the facts. The court gave, among others, the following instruction :

3. " If the jury find from the evidence that the defendant feloniously, willfully and maliciously, and not deliberately and premeditatedly, shot and killed Thomas J. Robinson, they will find him guilty of murder in the second degree, and not guilty of murder in the first degree." Instruction numbered eight, given for the State, is to the same effect.

These instructions do not conform to the definition of murder in the second degree, laid down in the *State v. Curtis*, 70 Mo. 594. It was distinctly stated in the opinion in that case, that there can be no murder in the second degree without premeditation, a word which has uniformly been defined by this court, since the statute classifying murders has been in force in this State, to mean "thought of beforehand for any period of time however short." Premeditation is a necessary constituent of murder in the second degree, as there can be no murder in the second degree which was not murder at common law, and there could be no murder at common law unless the act causing death was committed with malice aforethought, that is, with malice and premeditation. This statement, which is substantially the same as that embodied in the opinion in the *State v. Curtis, supra*, does not mean that the death itself must have been premeditated in order to constitute murder in the second degree. Both the act causing death and its natural consequence, the death, may in some cases be premeditated, but in all cases it is essential that the act causing death should be premeditated, in order to constitute

murder in the second degree. The legislature certainly did not intend the words "premeditated" and "deliberate" to be construed as meaning precisely the same thing. The simple fact of the employment of both words, apart from other considerations, shows that one of them was intended to have a larger signification than the other, and this larger signification has, in recent cases by this court, been assigned to the word "deliberate." *State v. Wieners*, 66 Mo. 13 ; *State v. Curtis*, 70 Mo. 594.

The distinction thus drawn between murder in the first and murder in the second degree, is a rational and just one; one which can be observed in practice, because in harmony with that discriminating sense of right, which in calm times will always control the juries of any enlightened and law-abiding community in the enforcement of the criminal law. This distinction is well illustrated in the case put in the *State v. Wieners, supra*, p. 25. We will instance substantially the same case: If A and B being friends, should casually meet upon the street, and in the course of a conversation, which gradually assumed the character of a heated controversy, A should in apparent anger apply to B some degrading epithet, or impute to him some act of criminal baseness, and B, stung to madness by the insult, should, upon the instant, strike and kill A with some deadly weapon, this would undoubtedly be murder ; but under the classification made in the *Curtis* case it would be murder in the second degree. The act causing death would have been intentional, and as no act can be intentional unless it be previously thought of, it would, therefore, have been premeditated ; B would be held to have intended the natural consequences of his act ; from the fatal use of the deadly weapon the law would imply malice ; there was no lawful provocation and consequently no technical heat of passion ; in short, the killing would have been a willful killing with malice aforethought, that is, with malice and premeditation, but it would not fill the measure of the definition of murder in the first degree, be-

cause it would not also be deliberate. And it would be against our common sense of right, and the presumable intent of the legislature, that a murder so committed should be visited with the same punishment which the law inflicts for a murder committed by lying in wait or by poison. The provocation being insufficient in the eye of the law to reduce the killing to manslaughter, yet, being such as would naturally arouse the passions and excite the mind, would prevent the homicide from reaching the highest grade of murder.

The only direct testimony in the case at bar, as to the manner in which the deceased was killed, was the testimony of the defendant himself, and that tended to show that it was accidental. The killing took place in an upper hallway of a dwelling house, in which the defendant and the deceased, who were brothers, resided together, and there was no witness to the difficulty. But there was other testimony from which the jury might have inferred that the killing took place under such circumstances as would have made it either murder in the first or second degree, or manslaughter in the fourth degree. *State v. Edwards*, 70 Mo. 480.

For the error committed by the court in defining murder in the second degree, and in failing to give an instruction as to manslaughter in the fourth degree, the judgment will be reversed and the cause remanded. The other judges concur.