Sparks v. Brown.

SAMUEL P. SPARKS, Respondent, v. ISAAC BROWN et al., Appellants.

Kansas City Court of Appeals, December 20, 1888.

1. **Chattel Mortgage :** PAROL EVIDENCE ADMISSIBLE TO SHOW DEBT ABSOLUTE ON ITS FACE IS, IN FACT, CONTINGENT. Though a chattel mortgage may recite that it is given to secure an absolute and definite debt, yet parol evidence is admissible to show that such mortgage and the note therein described were in fact given to secure a contingent liability of the mortgagee as the mortgageor's surety to an amount not greater than said debt.

2. ——— : ——— : VALIDITY. In the absence of fraud such a mortgage is valid against a subsequent mortgage.

*Appeal from the Johnson Circuit Court.*—HON. C. W. SLOAN, Judge.

REVERSED AND REMANDED.

Statement by the court.

This was an action of replevin for the recovery of the possession of two mules. The answer admitted the possession of the mules by Wert as the agent of the defendant Brown at the institution of the suit, and also that the property was of the value alleged in the petition, and denied generally the other allegations of the petition. The mules were originally the property of Lemuel Bailey. On August 8, 1884, Lemuel Bailey

executed and delivered to defendant Brown his promissory note for the sum of four hundred dollars, payable one year after date, and also executed and delivered to said Brown a chattel mortgage to secure the payment of said note on the said mules, which mortgage was duly recorded.

The answer alleged these facts as a separate defense, and then proceeded to aver in substance that the note and mortgage had been executed and delivered as aforesaid with the express understanding between the parties and in order to secure said Brown from all damage, loss and expense that might result to him as surety of said Bailey on certain promissory notes named and theretofore executed. The answer further alleged that defendant Brown had been compelled to pay as Bailey's surety the notes described, etc.

The plaintiff claimed the mules under a chattel mortgage executed by Bailey after the execution of the mortgage to defendant Brown.

The defendants introduced in evidence the note and chattel mortgage pleaded in their answer, and also introduced evidence tending to prove the other facts pleaded as a special defense. The notes on which defendant Brown was surety amounted to less than the note described in the mortgage. This discrepancy was thus explained by Brown in his testimony: "I was on three notes for Bailey. Did not know the amounts, so we took a note for the amounts due on which I was surety, as near as we could. I was only to collect so much of the four hundred-dollar note as would make me whole for what I should have to pay as surety."

The case was tried without the intervention of a jury. After all the evidence was in, the court took the case under advisement until the next term, when it refused all the declarations of law asked by the defendants and excluded the note, chattel mortgage, and all the evidence offered by defendants under their answer, and, without giving any declarations of law, found for the plaintiff.

*J. P. Orr* and *O. L. Houts*, for appellants.

(1)   It was proper for Bailey to execute the note of four hundred dollars and the mortgage securing it to indemnify Brown as surety; this did not render the mortgage void, and stated a good defense.   Jones on Chattel Mortgages, secs. 90, 88 and 82; *Foster v. Reynolds*, 38 Mo. 553; *Stonebaker v. Ford*, 81 Mo. 532; *Munson v. Ensor*, 94 Mo. 504.   (2) Defendants' answer contained a general denial, under which all the evidence offered by them and excluded by the court, was competent.   *Auction Co. v. Mason*, 16 Mo. App. 473; *Pulliam v. Burlingame*, 81 Mo. 111.   (3) The court erred in refusing to pass on the merits of the case, and should have decided it, considering defendants' evidence under proper declarations of law.   And under the issues the declarations of law asked by defendants should have been given, under the following authorities:  R. S., 1879, sec. 2503; Burr. Fraud. Conv. 308, 310, 311, 312, 320; *Payne v. Stanton*, 59 Mo. 158; *Zuker v. Douglass*, 88 Mo. 382; *Colborn v. Robinson*, 80 Mo. 541; *Shelley v. Boothe*, 73 Mo. 74.

*W. W. Wood* and *A. B. Logan*, for respondent.

(1)   The answer constituted no defense at law, nor showed any equity or ground to reform the instrument. *Pierce v. Lidwell*, 2 South. Rep. (Ala.) 15; *Phelps v. Johnson*, 10 Atl. Rep. 819; Jones on Chat. Mort. secs. 91, 88, 22; Boone on Mortgages, sec. 237 and note; *Johnson Co. v. Wood*, 84 Mo. 489; *Hicks v. Coody*, 5 S. W. Rep. (Ark.) 714; *Stoddard v. Hart*, 23 N. Y. 556; *Davis v. Clay*, 2 Mo. 161; *Morgan v. Shinn*, 15 Wall. 105; *Jewett v. Preston*, 27 Maine, 400; *Carman v. Johnson*, 20 Mo. 103.   (2)   And the evidence of the defendant was properly excluded under the general denial, because it contradicted and varied the express condition of the instrument.   *Patchen v. Pierce*, 12 Wend. 61;

Jones on Chatt. Mort. sec 89 ; *Carr, Admr, v. Hayes*, 25 C. L. J. 32 ; *Ramsey v. Henderson*, 91 Mo. 560 ; *Cole Co. v. Madden*, 91 Mo. 616. (3) A chattel mortgage must be in writing, signed, sealed, acknowledged and recorded. R. S, secs. 2499, 2503 ; *Hughes v. Menefee*, 29 Mo. App. 192 ; *O'Neill v. Capelle*, 62 Mo. 202. (*a*) The instrument set up in answer was neither executed nor recorded ; (*b*) and the facts and the circumstances must be stated in the mortgage itself and cannot be proven by parol. *Stonebraker v. Ford*, 81 Mo. 539 ; Jones on Chatt. Mort. sec. 64 ; Boone on Mort. sec. 237. (*c*) A mortgage for a specified sum cannot be enlarged to cover other debts as against a junior incumbrancer, nor extended to be a lien for another indebtedness not expressed. 1 Jones on Mort., sec. 357 ; *Stoddard v. Hart*, 23 N. Y. 556 ; *Townsend v. Stone Dress Co.*, 6 Duer (N. Y.) 208 ; *Morris v. Tielson*, 81 Ill. 607 ; Boone on Law of Mort. sec. 237 ; Jones on Chatt. Mort. sec. 91.

HALL, J.—Two questions arise on the record in this case. They are, (1) where a mortgage appears upon its face to secure an absolute debt, such as a note described therein, is parol evidence admissible to show that the note and mortgage were in fact given to secure a contingent liability of the mortgagee as the mortgagor's surety to an amount not greater than said debt ? (2) In the absence of fraud is such a mortgage valid against a subsequent mortgage ? Both of these questions must be answered in the affirmative on the authority of the following cases : *McKinster v. Babcock*, 26 N. Y. 280 ; *Lawrence v. Tucker*, 23 How. [U. S.] 14 ; *Goodheart v. Johnson*, 88 Ill. 61. As to the first question, see also, Jones on Chatt. Mort. sec. 90 ; *Foster v. Reynolds*, 38 Mo. 553 ; *Baile v. Ins. Co.*, 73 Mo. 386. And as to the second question, see also, *Blincoe v. Lee*, 12 Bush (Ky.) 358 ; *Varney v. Hames*, 68 Mo. 442 ; Jones on Chat. Mort. secs. 82 and 88.

Judgment reversed and cause remanded. All concur.