DAN H. WILLIAMS, Respondent, v. JOHN T. ALNUTT, Appellant.

Kansas City Court of Appeals, November 1, 1897.

Chattel Mortgages: CONSIDERATION: INDEMNITY. A chattel mortgage depends upon the genuineness of the debt and not upon its inception, and the consideration may be shown to be other than that expressed. And, in this case, there being evidence to sustain the finding of the court that the mortgage in controversy was given to indemnify the plaintiff as a surety for the defendant, the judgment is affirmed since the court did not overlook the defendant's theory in the trial of the case.

*Appeal from the Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*L. A. Chapman* and *W. D. Leeper* for appellant.

The court erred in refusing the declaration number 1 asked for by the defendant and refused by the court. The evidence shows conclusively that there was no consideration for the note described in the mortgage. The note is the principal thing—the mortgage, the incident. *McQuie v. Peay*, 58 Mo. 56; *Hagerman v. Sutton*, 91 Mo. 520; *Johnson v. Johnson*, 81 Mo. 331; *Kingsland & Ferguson v. Chrisman*, 28 Mo. App. 308.

*Miller Bros.* for respondent.

The appellate court assumes everything in favor of the verdict and action of the trial court. *Smith v. Johnson*, 107 Mo. 494; *Churchman v. Kansas City,* 49 Mo. App. 366; 120 Mo. 466; 114 Mo. 567; *Calvert v. Bates*, 44 Mo. App. 366; *Spence v. Crow*, 47 Mo. App. 321; *Halsey v. Meinragh*, 54 Mo. 235; *Pitts v. Sheriff,* 108 Mo. 110; *Minnick v. Hill*, 57 Mo. App. 226; *Hanneclau v. Felchlin*, 27 Mo. App. 602; *Zweigardt v. Birdseye*, 57 Mo. App. 462; *Griffith v. Material & Construction Co.*, 46 Mo. App. 539; *Holt v. Johnson*, 50 Mo. App. 373.

SMITH, P. J.—This is a suit in replevin which was brought before a justice of the peace to recover the possession of two horses.   The case appearing on the record is about like this:

The defendant borrowed of one Wilson $112, for which he gave his promissory note with the plaintiff and two others thereon as co-sureties. STATEMENT. Some time after the giving of the note plaintiff requested of the defendant a mortgage on the

two horses in question to secure himself and co-suretise against liability on the note. This the defendant refused to give directly to plaintiff but agreed to give a mortgage to Wilson to indemnify said sureties.

Accordingly he gave another note to Wilson for $100, and a mortgage on the two horses to secure the last referred to note and to indemnify his sureties. The evidence greatly tends to prove that the object of giving the mortgage was to indemnify and hold harmless the defendants as sureties on the $112 note. The sureties discharged the $112 note and thereupon Wilson assigned to Williams the $100 note and mortgage. He thereafter brought this suit for the recovery of the horses which were left by the terms of the mortgage in the possession of the defendant.

The cause was submitted to the court without the intervention of a jury. The finding and judgment was for the plaintiff and defendant appealed.

No instructions were requested by the plaintiff. The court gave for the defendant two which in effect declared that if the note described in the mortgage was without consideration the finding should be for the defendant. The court refused to give the declaration of law requested by defendant in the nature of a demurrer to the evidence. It seems to be conceded in the brief of the counsel for defendant that the main point of difference here is whether the note and mortgage was and is without consideration.

It has long been the well recognized law in this and other jurisdictions that though a mortgage upon the face should appear to be for the payment of a specified sum of money it may be shown by parol evidence that it was not intended to secure the payment of that sum, but as a security for advances or for a balance due from time to time, or that it was given to secure a

CHATTEL mortgages: consideration: indemnity.

contingent liability of the mortgagee, as the mortgagor's surety, and the like. *Foster v. Reynolds*, 38 Mo. 553; *Henderson v. Henderson*, 13 Mo. 151; *Baile v. Ins. Co.*, 73 Mo. 306; *Sparks v. Brown*, 46 Mo. App. 529; *Sparks v. Brown*, 33 Mo. App. 505; *Quick v. Turner*, 26 Mo. App. 29; *McKinster v. Babcock*, 26 N. Y. 280; *Lawrence v. Tucker*, 23 How. (U. S.) 14; *Goodheart v. Johnson*, 68 Ill. 61; Cobbey on Chat. Mort., secs. 120, 121.

The validity of a mortgage depends on the genuineness of the debt which it was given to secure,.and not upon the description of the debt contained in the mortgage, nor upon the form of the instrument given to represent the debt which may be by note or contract. Cobbey on Chat. Mort., *supra*. To constitute a valid chattel mortgage it is only required that it be given in a *bona fide* transaction and to secure a *bona fide* liability. Cobbey on Chat. Mort., sec. 119, and cases cited in note 1.

The consideration mentioned in a mortgage is only *prima facie* evidence of the consideration and may be explained by parol evidence. Cobbey on Chat. Mort., sec. 131, and cases cited in notes 64 and 65. As between mortgagor and mortgagee and their privies, a mortgage to secure an antecedent debt or debit subsequently contracted, or to be contracted, rests upon a valuable consideration and is perfectly valid. Cobbey on Chat. Mort., sec. 126; Boone on Mort., sec. 4.

The evidence was introduced by plaintiff without objection, which tended to prove that the note and mortgage were given to secure the plaintiff and his co-sureties on the defendant's note for $112. There was ample evidence, according to the authorities to which we have already cited, to justify the finding by the court that the mortgage was supported by a valid considera-

tion.    It appears that Wilson was curator of defendant's minor son and as such curator had money in his hands belonging to his ward.

The defendant adduced evidence tending to show that Wilson purchased the two horses of defendant for his son, and that if the probate court approved the purchase that then Wilson was to pay $100 out of his ward's estate upon the $112 note.    It did not appear that the probate court took any action in respect to the matter or that Wilson paid defendant or anyone else the amount for which the mortgage was given to him. The defendant's theory was that the mortgage was only to be used as a security or indemnity in case the probate court approved the purchase of the horses for said minor by Wilson, and as the probate court did not approve the purchase, that the mortgage was without consideration.    The court did not overlook this theory of the defendant's defense as appears by the second declaration of law given by the court at the request of defendant.

It seems to us that the judgment is clearly for the right party and should be affirmed, which is ordered accordingly.    All concur.