The BANK OF URBANA, Appellant,

v.

Thelma WRIGHT, Personal Representative of the Estates of Ross Ozro Smith and Madonna E. Smith, Respondent.

No. 19160.

Missouri Court of Appeals,
Southern District,
Division One.

July 27, 1994.

Debra Mallonee Shantz, Jeffrey A. McFarland, Farrington & Curtis, P.C., Springfield, for appellant.

Kerry D. Douglas, Douglas, Lynch, Munton, Haun & Kirksey, P.C., Bolivar, for respondent.

MONTGOMERY, Judge.

The Bank of Urbana (Bank) appeals from an order entered in the Probate Division of the Circuit Court of Hickory County, which declared that promissory note # 9001 was not secured by the Bank's deed of trust. The order was entered after a hearing on a "Petition for Determination of Nature of Sale Proceeds from Real Estate" filed by Thelma Wright, as personal representative of the estates of Ross O. Smith and Madonna E. Smith.

The facts are not disputed. On February 2, 1987, Ross O. and Madonna E. Smith executed promissory note # 9002[1] in the amount of $15,929.94 payable to the Bank. The note was secured by a deed of trust made the same day. On June 3, 1988, the Smiths executed a second promissory note, # 9001, payable to the Bank. The second note in the amount of $3600 recited, "Note further secured by Deed of Trust dated 2/2/87."

Sometime after June 3, 1988, the Smiths lost their lives in a fire which consumed their mobile home located on the real estate covered by the Bank's deed of trust. Later, the Smiths' personal representative paid the Bank the fire insurance proceeds from the mobile home loss. However, the payment was insufficient to pay the balance owed on both notes.

After the real estate was sold,[2] the personal representative had insufficient funds to pay all claims against the decedents' estates. Therefore, it became necessary to determine whether the bank was a secured creditor with respect to the balance owed on note # 9001. The personal representative sought such guidance by her petition mentioned earlier. In response, the court ruled that the Bank's deed of trust was not in compliance with § 443.055[3] and as a result, the Bank was placed in the position of an unsecured creditor regarding said note.

---

1. Other than identification, the number assigned to the notes in question has no apparent significance.

2. Apparently the Bank released its deed of trust based on some agreement with the personal representative. That agreement does not appear in the record before us.

3. Statutory references are to RSMo 1986 except where otherwise indicated.

The first of the Bank's two points relied on is dispositive of the case. In that point, the Bank claims the court erroneously ruled that decedents' note was not secured by the deed of trust because the court improperly determined that § 443.055 governs the deed of trust in question. We agree with the Bank.

■ In a court-tried case, our review is governed by Rule 73.01(c) and *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment must be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law.

■ The Bank argues that its deed of trust does not adopt the provisions of § 443.-055 and, therefore, is governed by the law existing prior to the enactment of the statute. Respondent takes the position that the deed of trust must comply with § 443.055 or it cannot be a valid future advance deed of trust. To resolve this controversy, a review of the law of future advance mortgages and deeds of trust is necessary. This review must also include an examination of the evolution of § 443.055.

Respondent agrees with the Bank that future advance deeds of trust were valid at common law as recognized in *Foster v. Reynolds*, 38 Mo. 553 (1866). There, the Supreme Court announced the rule "that a mortgage or judgment may be given to secure future advances, or as a general security for balances which may become due from time to time from the mortgagor or judgment debtor; and this security may be taken in the form of a mortgage or judgment for a specific sum of money sufficiently large to cover the amount of the floating debt to be secured thereby." *Id.* at 557.[4]

Respondent further concedes that had the Bank's deed of trust been in place prior to 1981, the Bank's argument "might have merit."[5] However, the enactment of the first version of § 443.055[6] in 1981, according to Respondent, "shoved out of the way" the common law future advance rules and replaced them with a statutory scheme which excluded the use of those instruments sanctioned by *Foster*.[7] While Respondent's argument is well reasoned, we do not view § 443.-055 as a legislative effort to preempt the field.

It is true that the original version of § 443.055 restated the essence of the *Foster* holding. Subsection 2 provided that "[i]nstruments [meaning any mortgage or deed of trust] may secure future advances or other future obligations of a borrower to a lender, made or incurred within ten years of the date such instruments are executed...."

However, the statute was amended in

---

4. Subsequent Missouri cases have applied the *Foster* rule. Representative of those cases are *Sparks v. Brown*, 33 Mo.App. 505, 508 (1888) (a future advance mortgage is valid as against a subsequent mortgage and parol evidence is admissible to show the note and mortgage were given to secure a contingent liability even though the mortgage appears to secure an absolute debt); *Russell v. Letton*, 56 Mo.App. 541, 548 (1894) (proper to execute notes and mortgages to secure future advances or contingent liabilities so long as the purposes are honest); *Williams v. Alnutt*, 72 Mo.App. 62, 64 (1897) (well recognized that even though mortgage appears to be or a sum certain, parol evidence is admissible to show that payment of such amount was not intended but that the mortgage was given as security for advances or for a balance due from time to time).

5. Paragraph 19, found on the third page of the Bank's deed of trust, recites: "Upon request of Borrower, Lender, at Lender's option prior to release of this Deed of Trust, may make Future Advances to Borrower. Such Future Advances, with interest thereon, shall be secured by this Deed of Trust when evidenced by promissory notes stating that said notes are secured hereby...." Respondent offers no argument that the language in paragraph 19 is insufficient to create a valid common law future advance deed of trust.

6. 1981 Mo.Laws, p. 613, S.B. 40.

7. We note that Respondent's view is not shared by a law review writer in a comment discussing the purpose of the original version of § 443.055. That writer believes "the legislature finally offered a workable and definitive technique for resolving priority disputes between a mortgagee making such advances and an intervening lienor." Rita Carper Sowards, *Future Advances in Missouri*, 49 Mo.L.Rev. 103 (1984). If this observation is correct, the statutory purpose has no application in the instant case because no priority dispute is involved.

1982 [8] and again in 1984.[9] As relevant to this appeal, one addition to the statute in 1982 was subsection 8 which provided that "[t]he provisions of this section shall not govern any instrument or any supplement or amendment to an instrument unless such instrument, supplement or amendment shall clearly state on its face that it is to be governed by this section."

The 1984 amendment incorporated the above provision into subsection 12 which stated:

No future advance or future obligation shall be secured by an instrument for purposes of this section unless the note, contract, guarantee or other evidence of indebtedness under which such future obligation or future advances was incurred shall state on its face that such note, contract, guarantee or other evidence of indebtedness is secured by such instrument and shall identify such instrument by date of execution of such instrument, provided that such note, contract, guarantee or other evidence of indebtedness shall enjoy the security of such instrument as otherwise provided by law without reference to this section if no reference is made therein to the instrument. The provisions of this section shall not govern any instrument or any supplement or amendment to an instrument unless such instrument, supplement or amendment shall clearly state on its face that it is to be governed by this section.

Therefore, at the time the deed of trust in question was executed in 1987, § 443.055.12 controlled whether a deed of trust was governed by the statute.[10] Both parties agree with this proposition. Respondent also agrees that the Bank's deed of trust failed to state that it was governed by § 443.055.

However, Respondent urges that the original version of the statute replaced the common law and the later amendments did nothing to revive the *Foster* rules. Respondent's theory fails because the original statute gave no hint that the legislature intended to eliminate common law future advance deeds of trust. As stated in *N.E. & R. Partnership v. Stone*, 745 S.W.2d 266, 267–68 (Mo.App. 1988), "In construing a statute a principle generally followed is that common law rules are not changed except by the express terms of a statute or by necessary implication." Furthermore, "[w]hen the question is close, the decision should be weighted in favor of retention of common law rights." *Porter v. Erickson Transp. Corp.*, 851 S.W.2d 725, 735 (Mo.App.1993).

Our view is further supported by the statutory construction principle that when a statute has been amended, the legislature intended to accomplish some purpose, and one such purpose may be an intent to clarify and detail an existing law. *Osage Outdoor Advertising v. State Highway Comm'n*, 699 S.W.2d 791, 793 (Mo.App.1985); *Mid–America Television Co. v. State Tax Comm'n*, 652 S.W.2d 674, 679 (Mo. banc 1983), *cert. denied*, 465 U.S. 1065, 104 S.Ct. 1413, 79 L.Ed.2d 740 (1984).

■ Here, the original statute neither expressly nor by implication eliminated the common law. The following year, 1982, the legislature clarified its intent by amending the statute to indicate that it does not govern any deed of trust unless such instrument "shall clearly state on its face that it is to be governed by this section." Obviously, if § 443.055 does not govern a deed of trust, other law does. By the 1982 amendment, the legislature made clear that a lender and borrower could (a) comply with the requirements of § 443.055 and be governed thereby, or (b) ignore the statutory requirements and be governed by the common law as it developed beginning with *Foster*. Here, the deed of trust made no statement on its face concerning the statute. For this reason, we must conclude that it can only be governed by *Foster* and its progeny. Therefore, the trial court erroneously applied the law and reversal is necessary.

The judgment is reversed and the cause remanded to the trial court with directions to

8. 1982 Mo.Laws, p. 621, H.B. 1781.

9. 1984 Mo.Laws, p. 697, H.B. 1409.

10. § 443.055 has twice been amended since 1987. Those amendments contain no provision pertinent to this appeal.

set aside its order and enter an order in favor of the Bank, declaring that note # 9001 is secured by the deed of trust in question.

PARRISH, C.J., and SHRUM, J., concur.