JOHNSON, Respondent, *vs.* HUSTON, Appellant.

1. Parol evidence is admissible to show that a bill of sale, absolute on its face, was intended as a mortgage.

*Appeal from Ralls Circuit Court.*

*Lamb* and *T. VanSwearingen*, for appellant.   The court erred in admitting evidence to show that the bill of sale, absolute on its face, was intended as a mortgage, in the absence of any fraud, surprise or mistake.   *Revere* v. *Leonard*, 1 Mass. Rep. 91.   *Paine* v. *McIntier*, ib. 69.   *Storer* v. *Freeman*, ib. 435.   *Richards* v. *Killam*, 10 ib. 244.   *Stackpole* v. *Arnold*, 11 ib. 27.   *Dwight* v. *Pomeroy*, 17 ib. 303.   *Piersons* v. *Hooker*, 3 J. R. 68.   *Howes* v. *Barker*, ib. 506. 7 ib. 341.   *Thompson* v. *Ketcham*, 8 ib. 189.   *Fitzhugh* v. *Runyon*, ib. 375.   *Jackson* v. *Sill*, 11 ib. 201.   *Jackson* v.

*Croy*, 12 ib. 427. *Champlin* v. *Butler*, 18 ib. 172. *Movan* v. *Hays*, 1 J. C. R. 339. *Stevens* v. *Cooper*, ib. 425. *Parkhurst* v. *Van Cortlandt*, ib. 281. *Marks* v. *Pell*, ib. 593. *Gillespie* v. *Moon*, 2 ib. 596. *St. John* v. *Benedict*, 6 ib. 116. *Thomson* v. *White*, 1 Dallas, 426. *Clarke* v. *Russel*, 3 ib. 415. *O'Harra* v. *Hall*, 4 ib. 340. *McDermot* v. *U. S. Ins. Co.*, 3 S. & R. 609. *Speake* v. *U. S.*, 9 Cranch, 28–37. 9 Wheat. 581. 6 Binney, 483. *Barret* v. *Barret*, 4 Dessaus. 447. 2 Mylne & Keen, 357. 4 Monroe, 155. 3 J. J. Marsh. 626. 4 ib. 134, 473.

*Pratt & Redd*, for respondent.

GAMBLE, Judge, delivered the opinion of the court.

Johnson filed his petition, alleging that, being indebted to Huston, he executed a bill of sale of three slaves to secure the payment of the debt, and that for some time afterwards, he continued in possession of the slaves ; that Huston subsequently obtained possession, and that he, Johnson, had offered to pay the amount of debt and interest, which Huston refused to accept, claiming the slaves as his absolute property. The petition alleges, that the bill of sale, although absolute on its face, was made merely to secure the debt, and upon an agreement that Johnson might redeem the property. The prayer is, that the plaintiff have leave to redeem the slaves, and that an account be taken to ascertain the amount due.

Huston, in his answer, asserts that the slaves were sold to him absolutely, and that they were taken in part satisfaction of the debt due from Johnson, and that for the balance of the debt, being twenty-five dollars, Johnson, at the time of conveying the slaves, executed his promissory note.

At the trial of the cause before the court, without a jury, evidence was given for the purpose of showing that the conveyance of the slaves was made merely as a security for the debt due to Huston, and with the right in Johnson to redeem them, on paying the debt and interest. It is not necessary to make any detailed statement of this evidence, nor a fuller statement of the pleadings, as there is only one question pre-

sented upon the record, upon which the opinion of this court
is required. The Circuit Court, after finding that the plaintiff
did execute an absolute bill of sale to the defendant, for the
slaves in question, found that the defendant did agree, at the
time of the execution of said bill of sale, that plaintiff might
redeem the negroes by paying the sum of five hundred and
twenty-five dollars, with interest at ten per cent. " The
amount due to the defendant was ascertained, and a judgment
was rendered, allowing the plaintiff to redeem upon paying the
amount so ascertained. In the progress of the trial, the de-
fendant objected to the admission of parol evidence to show
that the bill of sale, absolute upon its face, was intended as a
mortgage, but the court overruled the objection, and received
the parol evidence offered, and upon that founded the judg-
ment. It is the admission of this evidence that presents the
question now to be considered. No objection appears to have
been made upon the trial to any particular portion of the
evidence given ; nor was any case made for a review of the
finding of the facts, as made by the court, in the manner pre-
scribed by the code of practice. The sufficiency of the evidence
to warrant the finding will not therefore be examined, but atten-
tion will alone be bestowed upon the question whether parol
evidence is admissible in a proceeding like the present, for the
purpose of showing that a conveyance, absolute upon its face,
was in reality only a security for the payment of money.

1. It is to be observed that this is a suit for relief, which,
under the former practice, would have been sought by a bill in
equity, and whatever is the practice in courts of equity, in
admitting evidence to show an absolute conveyance to be but a
mortgage, must obtain in this case. Whether such evidence is
admissible is a question upon which there has been great diver-
sity of opinion in the courts of the different states, and the
courts even of the same states have, in some cases, changed
their opinions. While in Kentucky, the rule that a written in-
strument shall not be contradicted, or its legal import and effect
be changed by parol evidence, is maintained in all its force,

yet in construing a contract which was in writing, the court of appeals, in *Edrington* v. *Harper*, 3 J. J. Marsh. 355, says : " The intention of the parties is the only true and infallible test ; that intention is to be collected from the condition or conduct of the parties, as well as from the face of the written contract." Again, " the fact that the real transaction between the parties was a borrowing and lending, will, whenever or however it shall appear, show that a deed, absolute on its face, was intended as a security for money ; and whenever it can be ascertained to be a security for money, it is only a mortgage, however artfully it may be disguised." The courts of that state admit parol evidence in all cases, in which upon the construction of written instruments, the question arises, whether the transaction between the parties was a mortgage or a conditional sale. *Prince* v. *Bearden*, 1 A. K. Marsh. 170. *Oldham* v. *Halley*, 2 J. J. Marsh. 114. In New York, the rule that parol evidence is admissible to show that an absolute conveyance was intended as a security for money, and is, consequently, only a mortgage, has been acted upon in a great many cases, which are collected in a note to 4 Kent's Com. 142. The same rule exists in Tennessee. *Overton* v. *Bigelow*, 3 Yerger, 513 ; and was applied by Mr. Justice Story in *Taylor* v. *Luther*, 2 Sumner, 232. In *Russell* v. *Southard*, 12 Howard, 147, Mr. Justice Curtis applies the rule to a case coming from Kentucky, and declares it to be a rule belonging to the general system of equity, in administering which, the courts of the United States are not to be controlled by the decisions of the courts of Kentucky, if such decisions are in conflict with the judgment of the Supreme Court of the United States. He says, " it is the doctrine of this court that, when it is alleged and proved that a loan on security was really intended, and the defendant sets up the loan as a payment of purchase money, and the conveyance as a sale, both fraud and vice in the consideration are sufficiently averred and proved, to require a court of equity to hold the transaction to be a mortgage." After this declaration, he proceeds to examine the

evidence in the cause, both written and oral. Many decisions in different states, which maintain the same doctrine, might, if necessary, be cited, but it is not thought proper to burden the case with such citations. It is believed that, if the question were to be determined by the number and reputation of the courts which maintain the different sides of the question, the preponderance would be in favor of admitting the evidence. But the decision of a question, upon such a comparison of the merits and number of those who advocate the different sides, is not and ought not to be satisfactory to the mind. The determination should rest upon principle, and, as far as possible, should harmonize with all the established and generally received doctrines of the law.

It is admitted to be the established rule of evidence that, when contracting parties reduce their agreement to writing, the effect of the instrument thus executed is not to be varied by parol evidence, showing other or different terms of contract than those expressed in the writing. But while this is the rule, it is as certainly true that, in some cases, a party may show that the writing does not truly express the agreement, and this, too, by parol evidence. In *Leitensdorfer* v. *Delphy*, 15 Mo. R., this court, upon an examination of authorities, held that a party to an instrument might show, by parol evidence, a mistake in the instrument, and that, as well when he was a defendant, resisting the enforcement of the contract, as in a direct proceeding to reform it and correct the mistake. So there can be no doubt of the propriety of admitting parol evidence to establish the circumstances attending the execution of an instrument, when the question is, whether it is a mortgage or a conditional sale, and this practice has been adopted in states where the courts are most strenuous in excluding such evidence, when offered to qualify an absolute conveyance. Again, where a party to a written contract or conveyance seeks to avoid its effect because it was procured by fraud, or because it was fraudulently made to impose a different obligation from that intended, such fraud can be proved by parol. It is true

that, in the last case, the party is seeking, not to vary, but to avoid the contract ; but in that attempt, he is not concluded by the terms of the writing, or prevented from showing that the real agreement was different from the writing. These and other cases, which might be put, show that the rule is not inexorable, and that a person who has signed a written contract is not so bound up by the writing, that he cannot, in any case, question its correctness.

Mr. Justice Story, in *Taylor* v. *Luther*, 2 Sumn. 232, after quoting from the commentaries of Chancellor Kent a passage ending with these words, " for parol evidence is admissible to show that an absolute deed was intended as a mortgage, and that the defeasance had been omitted or destroyed by fraud or mistake," makes the following observations of his own : " It is the same if it (the defeasance) be omitted by design, upon mutual confidence between the parties ; for the violation of such an agreement would be a fraud of the most flagrant kind, originating in an open breach of trust against conscience and justice. I do not comment upon this subject at large, because it seems to me wholly unnecessary, in the present state of the law, to do more than to enunciate the principles which govern cases of this nature, and which are as well established as any which govern any branch of our jurisprudence."

When a party who has obtained a conveyance absolute upon its own face, but in reality intended to secure the payment to him of a debt, with the right in the grantor to redeem his property by paying the debt, sets up the conveyance as absolute, and denies the right of redemption, he undoubtedly attempts to practice a fraud upon the grantor, and the case would clearly come within the range of the decisions which allow a party upon whom a fraud is thus perpetrated, to ask of a court of equity the relief which it familiarly administers. In such a proceeding, it is not doubted that parol evidence is admissible to show the real agreement, and the attempt of the grantee to use the conveyance for the improper purpose of cutting off the grantor's right of redemption.

If a principle, which was supposed to be generally admitted, had not been disputed upon a long array of books, it would not have been thought necessary to spend so much time upon the present question. Judge Ryland concurring, the judgment is affirmed. Judge Scott dissenting.