CHAMBERS' ADMINISTRATOR, Respondent, v. SMITH'S ADMINISTRATOR, Appellant.*

1. When a case has been retried in an inferior court according to the principles laid down in the decision of the supreme court, none of the questions, which were decided when the case was first in the supreme court, should be open for re-examination on a second writ of error or appeal, unless some general principle of law has been manifestly decided incorrectly the first time, or injustice to the rights of the parties would be done by adhering to the first opinion.

* This case was decided at the March term, 1859. It was continued on a motion for a rehearing.

*Appeal from St. Louis Land Court.*

The facts of this case are sufficiently set forth in the report of the cause when the same was in the supreme court for review before.

*Whittelsey*, for appellant.

I. The court should have arrested the judgment. The plaintiff had no cause of action if the breach of the covenants was made by the execution of the deed by Beckwith in December, 1848, as administrator by order of court. The heirs of Chambers, and not the administrator, were the proper parties plaintiff. (Rawle on Cov. 602; 10 Ohio, 442; 3 Dev. 200; 3 Mon. 95; Meigs, 187; 9 B. Monr. 48.) William Chambers died May 9, 1848. The heir of Chambers still holds the title to the lot, and can recover in ejectment— the act of the court and of the administrator of T. F. Smith, in making the deed, being void because E. B. Smith and the heirs of W. Chambers were not parties to the proceedings. The suit of Todd v. Smith's administrator was a void suit. T. F. Smith had no estate at the time of his death. (24 Mo. 87; 4 Johns. Ch. 559; 5 Johns. Ch. 193; 11 Paige, 277.) The land court had no jurisdiction of this cause. The suit was covenant, sounding in money damages entirely, and did not relate to land except collaterally. (Sess. Acts, 1853, p. 90; 20 Mo. 596.) Plaintiff's claim is barred because not presented within three years. (R. C. 1845, p. 91; 11 Mo. 237; 17 Mo. 557; 9 Mo. 225.) The breach has produced no actual damage. The heirs of Chambers have the title, and can demand the lot or the money due. The damages are excessive. Interest is computed from November 21, 1843, the date of the deed of Thomas to Elias B. Smith, and not from the date of the supposed breach.

*B. A. Hill*, for respondent.

I. The same points are made again by defendant that were made when this cause was here before. The judgment must

stand unless the court should overrule its former decision. See brief in case when it was here before.

RICHARDSON, Judge, delivered the opinion of the court.

When the case of Roberts v. Cooper, 20 How. 467, was before the supreme court of the United States the second time, after it had been tried in the circuit court on the principles established by the supreme court in the first trial, it was dedecid that the court could not be compelled, on a second writ of error in the same case, to review their decision on the first; that after a case had been brought there and decided and a mandate issued to the court below, if a second writ of error was sued out it brought up for review nothing but the proceedings subsequent to the mandate; that none of the questions which were before the court on the first writ of error could be reheard or examined upon the second, and to allow a second writ of error or appeal to a court of last resort on the same questions which were open to dispute in the first, would lead to endless litigation; for there would be no end to a suit if every litigant could, by repeated appeals, compel a court to listen to criticisms on their opinions or speculate on chances from changes in its members.

The practical wisdom of these observations commend themselves to our consideration as particularly appropriate to the decisions of this court, which is liable to casual and periodical changes in its members, and for that reason a greater degree of conservatism is required than would perhaps be necessary in a court less subject to mutation. Whilst, then, we do not adopt the rule so forcibly stated in Roberts v. Cooper, in all its extent, we think it ought to be declared that when a case has been retried in an inferior court according to the principles laid down in the mandate of this court, none of the questions which were decided when the case was first here should be open to reëxamination on a second writ of error or appeal, unless some general principle of law has been manifestly decided incorrectly the first time, or injustice to

the rights of the parties would be done by adhering to the first opinion.

The report of this case, in 23 Mo. 174, shows that all the questions which the record now presents have been considered and decided, and the case seems to have been tried the second time, in the land court, in conformity to the opinion remanding the cause.

It is not disputed that Smith's administrator has recovered one thousand five hundred dollars which the estate has no shadow of right to, and the plaintiff is either entitled to that money or to the lot held by Mrs. Todd. In good conscience Mrs. Todd ought to keep the lot which she has paid for, and the plaintiff ought to have the money; and it would be hard to compel her to lose the lot and the money too which she paid to Smith's administrator; and it would be unjust, after telling the plaintiff that he could recover the money of the defendant, to tell him now that he has no right to it, but that he must look to his action of ejectment against Mrs. Todd, which may be barred by limitation, though it was not barred when he was advised by this court that his remedy was against the defendant and not Mrs. Todd.

There is no merit in the defence, and the manifest result of reversing the judgment for the technical reasons urged by the defendant would be to allow him to retain money which he must admit he has no right to, and to cause the plaintiff or Mrs. Todd to lose both the lot and the money.

This case presents a fair illustration of the rule we have considered, and none of the questions therefore will be reviewed which were considered when the case was here before.

The damages, however, are excessive, for which reason the judgment must be reversed; but the plaintiff having remitted the interest between November, 1843, and December, 1848, judgment will be rendered in this court. The plaintiff must pay the cost. (Schilling v. Speck, 26 Mo. 489.)

NAPTON, Judge. No opinion is intended to be expressed upon the point decided in this case when it was first before

this court (23 Mo. 174) as to the character of the statutory covenant of seisin. I concur in affirming the judgment, on the ground that to review the former adjudication, in accordance with which the parties plaintiff had necessarily to conform their action, might now be attended with a loss of their right of action by reason of the lapse of time — a result which would be occasioned altogether by the action of this court. In such cases the opinions of this court should not be open to review.