BOONE'S ADMINISTRATOR v. SHACKLEFORD'S ADMINISTRATOR.

1. **On appeal from the Probate and Common Pleas Court of Greene County**, the circuit court can try a case only as an appellate court, upon errors assigned, and not *de novo*, (*following McCraw v. Hubble*, 61 *Mo.* 107).

2. **Effect of Delay in Raising Jurisdictional Question**: STATUTE OF LIMITATIONS. When the defendant has neglected to raise the question whether the trial court had jurisdiction, until a late stage of a prolonged litigation, in the progress of which a judgment against him has been affirmed in the Supreme Court, that court will decline, on a second appeal, to examine the question, if the result of a ruling adverse to the jurisdiction would be to enable the defendant to interpose the statute of limitations as a bar against plaintiff's demand in a new action.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

*F. S. Heffernan* for plaintiff.

*F. H. Warren* and *Bray & Cravens* for defendant.

HENRY, J.—On the 30th day of November, 1863, Elisha Headlee, then administrator of the estate of Nathan Boone, commenced a suit in the circuit court of Greene county, against Bedford Henslee and Wm. Norfleet, administrators of the estate of Gabriel Shackleford, deceased, James Boone, Benjamin H. Boone, William C. Price and John Lair, on the bond of said Shackleford and James Boone, as executors of the estate of said Nathan Boone, the other defendants being their securities on said bond. On the first of April, 1863, Shackleford died, and on the 27th of May, 1863, the Greene county probate and common pleas court revoked the letters of said Boone; and Headlee, as public administrator, was ordered to take charge of said Nathan Boone's estate. The petition alleged that Boone and Shackleford, as executors, had in their hands, belonging to said Nathan Boone's estate, eight thousand eight hundred and seventy dollars, on which they were chargeable with interest from the 18th day of August, 1860, for which plaintiff asked judgment. Norfleet and Henslee were served with process, and judgment was rendered against them as administrators of the estate of said Shackleford. From that judgment they appealed to this court, and at its January term, 1874, the judgment was affirmed. The case is reported in 54 Mo. 518. On the 4th of May, 1874, the plaintiff presented said judgment to the probate court of Greene county for allowance and classification against the estate of said Shackleford, and the administrators filed as a set-off, an account against said estate for $5,478.79 and interest thereon, from July 25th, 1865, amounting to $2,876.35. This account was for notes belonging to the estate of N. Boone, with which Shackleford and Boone, executors of said estate, were charged, and which Henslee and Norfleet, administrators of Shackleford, turned over to Headlee, administrator *de bonis non*, of N. Boone's es-

tate. The probate court refused to allow the set-off, and allowed the amount of the judgment against Shackleford's estate, and classed it in the fifth class of demands. Pending the proceedings in the probate court, Henslee and Norfleet were removed from the administration, and Julian, public administrator of Greene, took charge of the estate, and Headlee died after the original judgment was affirmed by this court, and J. D. Van Bibber succeeded him as administrator of Boone's estate. From this judgment of the probate court, allowing and classifying said demand, the defendants appealed to the circuit court. In the circuit court there was a trial *de novo*, and the defendants were allowed, as a set-off against the judgment, $1,613 of the notes embraced in the receipt of Headlee, as administrator to Henslee and Norfleet, and rendered judgment against the estate of Shackleford for $8,598.85, and remanded it to the probate court for classification. Both parties appealed from the judgment of the circuit court. The notes for which the set-off was claimed, were delivered to Boone's administrator on the 25th of July, 1865, nearly two years after commencement of the suit, and the original judgment of the circuit court was rendered December 12th, 1870. The defendants now insist that the original judgment was void, because the circuit court had no jurisdiction of the cause; that at all events the court should have allowed, as a credit, the amount of the assets embraced in the receipt from Headlee, administrator of Boone's estate, to defendants, administrators of Shackleford's estate. The plaintiff contends that the circuit court had jurisdiction of the cause, and that the judgment rendered therein December 12th, 1870, was a valid judgment; that the circuit court erred in trying the cause *de novo* on the appeal from the probate court, and in allowing the credit of $1,613 against the judgment.

In the case of *McCraw v. Hubble*, 61 Mo. 107, this court held that on an appeal from the probate and common pleas court of Greene county to the circuit court of said county,

there could not be a trial *de novo*, but that the cause should be heard and determined solely as an appellate court, and upon errors assigned. As the proceedings in the probate court were not preserved by bill of exceptions, and as the record that was transmitted from the probate court to the circuit court showed nothing in regard to the set-off, but that it was pleaded and disallowed, neither the evidence nor the grounds upon which it was rejected being preserved, the circuit court could not pass upon the propriety of the action of the probate court in that regard, and, as it could not try the cause *de novo*, it of course erred in allowing $1,613 as a set-off against, or a credit upon the judgment.

Although the judgment of the circuit court in the original suit on the bond of the executors, was affirmed on appeal to this court, defendants insist that this court should now pass upon the question of the jurisdiction of the circuit court over the subject matter of that suit, and reverse its judgment if it be found that it had not jurisdiction. No such question was raised in the circuit court while the suit on the bond was pending there. It was not urged in this court while pending here on appeal, although the facts which appeared of record would have authorized this court to pass upon the question if its attention had been directed to the subject. It was in the record, but not in the briefs of attorneys, or the assignment of errors. When the judgment was presented to the probate court for allowance, the invalidity of the judgment was not relied upon, but defendants pleaded a set-off, and tacitly admitted the judgment to be valid, and not until the trial in the circuit court on appeal from the probate court, did they ever urge this objection to the judgment. A period of twelve years elapsed from the commencement of the suit and the judgment had been affirmed in the court of last record, before the jurisdiction of the circuit court was called in question, and not denying our right to do so when the circumstances would warrant it, we feel that gross injustice would be done the plaintiff, should we consider the question and

determine that the original judgment was null and void for want of jurisdiction in the court to render it. If that judgment was a nullity, then the statute of limitations could be interposed against plaintiff's demand. In *Chambers, admr. v. Smith's admr.*, 30 Mo. 156, the concurrence of NAPTON, J., in the judgment of the court was distinctly placed upon the ground that "to review the former adjudication, in accordance with which the parties plaintiff had necessarily to conform their action, might now be attended with a loss of their right of action by lapse of time, a result which would be occasioned altogether by the action of this court." There was manifest justice in the ground upon which the learned judge based his concurrence; and in the case we are considering, if the judgment be now reversed, not only this court, but the defendants, by their neglect to call the attention of the court to this question when the case was here before, would occasion a loss to the estate of Boone by lapse of time, which, in all probability, would not have occurred if the question now urged upon our consideration had been urged in the circuit court, where the suit was first instituted. The Supreme Court of the United States in *Roberts v. Cooper*, 20 How. 467, held that none of the questions which were before the court on the first writ of error, could be reheard or examined upon a second writ of error in the same cause, and that to allow a second writ of error or appeal to a court of last resort on the same questions which were open to dispute in the first, would lead to endless litigation. This court has not adhered to that doctrine in its strictness, but has adopted it with a qualification that it would reconsider its former adjudication where no injustice or hardship would result from reviewing, and if wrong, overruling its former decision, and the opinion of NAPTON, J., in *Chambers, admr. v. Smith's admr.*, aptly expresses the doctrine held by this court. See also *Hamilton v. Marks*, 63 Mo. 167. Entertaining these views, it is not necessary to pass upon the question of jurisdiction urged here, for it follows that the

judgment of the circuit court, in the original suit, must now be regarded as valid. If that suit was to recover for the misappropriation of, or failure to account for, the assets embraced in the receipt, which were the subject of the set-off, the question of allowing that set-off must be considered as *res adjudicata*. If that suit were for the recovery of other property or money, and not for these notes, then, when Shackleford's administrator delivered them to Boone's administrator, no liability was incurred by that administrator or Boone's estate to the defendant on that account, because they were the property of Boone's estate, and his administrator was entitled to them.

In addition to this, we have examined the evidence preserved in the bill of exceptions taken in the circuit court, on the trial of the cause, on appeal from the probate court, and are satisfied that a jury might properly have found from the evidence, that the judgment rendered in the original suit was not on account of these assets or any portion of them, but on account of other property and money with which the estate of Shackleford was properly chargeable. In any view to be taken of the case, the judgment of the circuit court must be reversed, and the cause remanded to that court, with directions to enter a judgment affirming that of the probate court. All concur except SHERWOOD, C. J., who, having been of counsel, did not sit.

REVERSED.