SAMUEL P. SPARKS, Appellant, v. ISAAC BROWN *et al.*, Respondents.

Kansas City Court of Appeals, November 9, 1891.

| 46 | 529 |
| 59 | 115 |
| 46 | 529 |
| 63 | 314 |
| 64 | 189 |
| 46 | 529 |
| 72 | 65 |
| 74 | 443 |

1. Chattel Mortgages: CONSIDERATION SHOWN BY PAROL. Parol evidence is admissible to show the purpose and intent for which a mortgage was executed, though upon its face it should appear to be for the payment of a specified sum of money. This is the general American doctrine, and is the rule in this state in equity and at law.

2. Evidence: ACTS AND ADMISSIONS OF GRANTOR. An assignor or grantor can do no act, nor make any admission subsequently to the assignment or grant, to impeach or impair the title of his assignee or grantee.

3. ———: CHATTEL MORTGAGE: DESCRIPTION: "BAY": "MOUSE-COLORED": "BROWN": "LIGHT BROWN": PAROL. The pleadings described certain mules as "mouse-colored" and "bay." A chattel mortgage relied upon in evidence described them as "brown" and "light brown." *Held*, that the descriptions, on their face, were

different and the terms not interchangeable, and the admission of the mortgage in evidence error, yet it was cured by subsequent parol evidence that these descriptive terms are used interchangeably and synonymously among farmers and stockmen.

4.  Chattel Mortgage : FRAUDULENT CONDUCT OF MORTGAGEE : SECOND MORTGAGEE : INSTRUCTION. A prior mortgagee's mortgage covered all the mortgagor's property. Subsequently to the giving of a second mortgage on part of the same property, the mortgagee permitted the mortgagor to remain in possession and dispose of the property and apply the proceeds to his own use. *Held*, such conduct rendered the prior mortgage fraudulent as to the second mortgagee, and an instruction to that effect is approved.

5.  —— : FRAUD : KNOWLEDGE OF : INSTRUCTIONS WITHOUT EVIDENCE. An instruction should not be given when there is no evidence on which to base it : and, where a mortgagee pursues his legal remedy to obtain possession of the mortgaged property, no inference can arise from that fact alone that it was his intention thereby to aid the mortgagor to defraud a prior mortgagee, without some proof of his knowledge of such fraudulent intention. '

*Appeal from the Johnson Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

REVERSED AND REMANDED.

*A. B. Logan* and *W. W. Wood*, for appellant.

( 1 )  The admission of parol evidence to contradict and vary the express terms of the Brown mortgage in this action at law was erroneous, and in direct conflict with every adjudication on the question by the appellate courts of this state. *Miller v. Dunlap*, 22 Mo. App. 97; *Jones v. Shepley*, 90 Mo. 307; *Ins. Co. v. Mowry*, 6 Otto, 544; *Corrigan v. Tiernay*, 100 Mo. 276; *Hogel v. Lindell*, 10 Mo. 493; *Montaney v. Rock*, 10 Mo. 56; *Kuntz v. Temple*, 43 Mo. 71; *Koehring v. Muemminghoff*, 61 Mo. 403; 8 Cent. Law Jour., pp. 162, 222, 210; *State to use v. Koch*, 40 Mo. App. 635, *loc. cit.* 640; *Henderson v. Henderson*, 13 Mo. 151; *Simons v. Beauchamp*, 1 Mo. 589; *Johnson v. Houston*, 17 Mo. 58; *Jones v. Jeffries*, 17 Mo. 577; *Benson v. Harrison*,

39 Mo. 303; *Mossmann v. Halscher*, 49 Mo. 87; *Weil v. Tyler*, 33 Mo. 558; *Perry v. Siter*, 37 Mo. 279; *McConnell v. Brainer*, 63 Mo. 461; Jones, Chat. Mort., secs. 88, 90, 91; *Shepherdson v. Whipple*, 107 Mass. 279; *Jewett v. Preston*, 27 Maine, 400; *Varney v. Hawes*, 68 Maine, 442; *Morrison v. Tillotson*, 84 Ill. 607; *Jarrett v. McDaniel*, 32 Ark. 598; *Spader v. Lawler*, 17 Ohio, 371; 4 Kent, Com. 176, side p. and note 3, p. 175; *Fry v. Bank*, 111 Ill. 367; *Bank v. Finch*, 3 Barb. Ch. 293. (2) A party will not be permitted on the trial to give evidence contradicting his pleadings. *Bruce v. Sims*, 34 Mo. 246; *Weil v. Posten*, 77 Mo. 287; *Wilson v. Albert*, 89 Mo. 538; *Kuhn v. Weil*, 6 Mo. App. 576; *Kuhn v. Weil*, 73 Mo. 213; *Carrier v. Love*, 32 Mo. 203; *Barthlow v. Campbell*, 56 Mo. 117; *Wright v. Town of Butler*, 64 Mo. 165; *Ramsey v. Henderson*, 91 Mo. 560. (3) A chattel mortgage to be of any validity as against creditors of the mortgagor must point out the subject-matter of it, *i. e.*, the property "so that a third person by its aid together with the aid of such inquiries as the instrument itself suggests may identify the property covered." *Stonebraker v. Ford*, 81 Mo. 562, *loc. cit.* 538; *Bank v. Metcalf, Moore & Co.*, 29 Mo. App. *loc. cit.* 394; Jones on Chattel Mortgages, sec. 55; 24 Cent. Law Jour. 339. But the court in the trial of this case erroneously permitted oral testimony to identity the mules such as that they were the only mules of the kind Bailey owned at the time, and that a light brown and a brown was the same as a bay and a mouse-colored. *Tindall v. Wasson*, 74 Ind. 495; Jones Chattel Mortgage [3 Ed. 1888] sec. 64; *Campbell v. Allen*, 38 Mo. App. 27; *Tindall v. Wasson*, 74 Ind. 495; *Cattle Co. v. Bilby*, 37 Mo. App. 43; *Jennings v. Sparkman*, 39 Mo. App. 663. (4) There was no evidence of any fraud between plaintiff and Bailey in the inception of his mortgage or with subsequent treatment by the parties, and the court erred in submitting that question to the jury. *White v. Chaney*, 20 Mo. App. 386; *Breen*

*v. Hinkle*, 13 Pac. Rep. 289; 2 Starke, Dig., p. 286.   A chattel mortgage which leaves the mortgagor in possession with tacit understanding that he may sell the property for his own use is void against creditors, and the court erred in refusing the sixth instruction for plaintiff submitting that issue to the jury.   *McCarty v. Miller & Co.*, 41 Mo. App. 200; *Hanger v. Hughmeister*, 21 N. E. Rep. 1046, and cases in foot note; 6 Cent. Law Jour., p. 289.   *A fortiori* when the evidence as in this case tended to show that Brown permitted Bailey to appropriate all the property in his mortgage to his, Bailey's, use.   *Strohn v. Hays*, 70 Ill. 41; *Diver v. McLaughlin*, 2 Wend. 596; *Wescott v. Gunn*, 4 Duer. (N. Y.) 103; *Rowley v. Rice*, 11 Metcalf (Mass.) 333; *Cornell v. Pierson*, 8 N. J. 478 (4 Halstead); *Stein v. Herman*, 23 Wis. 132; *Snell v. Harrison*, 83 Mo. 651; *McMichols v. Richter*, 13 Mo. App. 515. (5) The court erred in admitting in evidence the testimony of Brown and Wirt as to the declarations of Bailey made in the absence of Sparks, and long after the conveyance to Sparks.   No foundation had been laid, and its admission is in direct conflict with the doctrine laid down in *Boyd v. Jones*, 60 Mo. 454; *McLaughlin v. McLaughlin*, 16 Mo. 242; *Heinrich v. Porter*, 47 Mo. 293.

*J. P. Orr* and *O. L. Houts*, for respondent.

(1)   Though respondent's chattel mortgage recites that it was given to secure an absolute note of $400, yet it was competent to prove by parol evidence that the note and mortgage were in fact given to secure a contingent liability of the mortgagee, as the mortgagor's surety for an amount not greater than the note, and in the absence of fraud such a mortgage is good against a subsequent mortgagee.   *Sparks v. Brown*, 23 Mo. App. 505; Jones on Chattel Mort., secs. 90, 82, 88; *Foster v. Reynolds*, 38 Mo. 553; *Stonebraker v. Ford*, 81 Mo.

535; *Munson v. Ensor*, 94 Mo. 505. ( 2 ) The mortgage sufficiently described the property. It was shown that by the aid of the description in the mortgage that the property could be identified, and that the mules described in the mortgage, and in this action, were the only ones owned by the mortgagor at the date of this mortgage. *Sparks v. Brown, supra ; Stonebraker v. Ford, supra ; Jennings v. Sparkman*, 39 Mo. App. 663; *Campbell v. Allen*, 38 Mo. App. 27, and cases cited; *Boeger v. Langenberg*, 42 Mo. App. 7. The decision of this court when this case was here before is the law of this case, and settled both of the foregoing propositions in favor of respondent for the purposes of this appeal. ( 3 ) The court did not err in giving respondent's fourth instruction. *Andrews v. Costican*, 30 Mo. App. 29. ( 4 ) Appellant's sixth instruction was properly refused. *Hayner & Co. v. Churchill*, 29 Mo. App. 676, and cases cited; *McAllister v. Barnes*, 35 Mo. App. 668, and cases cited. There was no error in admitting the declarations of Bailey to Brown and Wirt concerning the delivery by Bailey of the possession of the property in question to Wirt and Brown.

SMITH, P. J.—The statement of this case reported in 33 Mo. App. 505, together with such references as we shall hereinafter make to the evidence and the instructions, when we come to consider the questions arising thereon, it is believed, will be found sufficient for the purposes of this case. The judgment on the former appeal having been reversed and the cause remanded, a second trial has been had resulting in a judgment for the defendant, from which the plaintiff now appeals.

I.   The mortgage under which defendant Brown makes claim to the property in dispute recites that it was given to secure a note made by Bailey to him for $400, and the question which we are required to decide is whether the circuit court erred in permitting defendant

to introduce parol evidence to show that the note and mortgage were in fact given to secure a contingent liability of defendant as the security of Bailey to an amount not greater than that of the note. This question, when the case was here on a former appeal, was ruled in the affirmative. The defendant now contends that this question is not open to re-examination by us and invokes the application of the principles of the maxim, *Stare decisis, et non quieta movere.* The supreme court of the United States in *Roberts v. Cooper*, 20 Howard, 467, held that none of the questions which were before the court on the first writ of error could be reheard or re-examined upon a second writ of error or appeal in the same cause. But the supreme court of this state has not adhered to that rule in all its strictness, but has adopted it with a qualification that it would reconsider its former adjudication where no injustice or hardships would result from reviewing, and, if wrong, overrule its former opinions. *Boone v. Shackelford*, 66 Mo. 493 ; *Chambers v. Smith*, 30 Mo. 156 ; *Keith v. Keith*, 97 Mo. 223. We are unable to perceive that a reconsideration of the adjudication of any question in this case can result in any injustice or hardship to the defendants, within the meaning of the exception to the rule just quoted.

The rule is firmly embedded in our equity jurisprudence that, in cases where an instrument does not truly express the agreement of the parties, that the mistake may be shown by parol evidence as well when the defendant is resisting the enforcement of the instrument, as in a direct proceeding to reform it. *Johnson v. Houston*, 17 Mo. 58 ; *Leitsendorfer v. Delphy*, 15 Mo. 167 ; *Miller v. Dunlap*, 22 Mo. App. 97 ; *Jones v. Shepley*, 90 Mo. 307 ; *Corrigan v. Tiernay*, 100 Mo. 276 ; *Hogel v. Lindell*, 10 Mo. 493 ; *Montaney v. Rock*, 10 Mo. 56 ; *Kuntz v. Temple*, 43 Mo. 71 ; *Koehring v. Muemminghoff*, 61 Mo. 403 ; *State ex rel. Nieman v. Koch*, 40 Mo. App. 635. This case under the pleadings is an

action at law having none of the characteristics or features of a proceeding in equity. The cases cited in the former opinion, with a single exception, were all of an equitable nature, and, therefore, do not lend the least support to it. The excepted case is that of *McKinster v. Babcock*, 26 Barb. 378, which seems to very fully support the rule announced in the opinion. It is there said, "it has been adjudged in several cases that parol evidence is admissible to show the purpose and intent for which a mortgage was executed, though, upon its face, it should appear to be for the payment of a specified sum of money. It may be shown that its purpose was security for further advances or responsibilities as for balances which might be due from time to time." In *Henderson v. Henderson*, 13 Mo. 151, it is, in effect, declared to be the rule of the American cases that parol evidence is admissible to show the real consideration, both as to amount and character, of a deed. But when the operation of the deed in respect to the interest or estate purporting to be conveyed or sought to be affected, such testimony is inadmissible. The rule is otherwise in Wisconsin. *Fallet v. Heath*, 15 Wis. 601. But the rule in this state is, we think, as stated in the former opinion, and to which we must adhere.

II. It is further contended that the trial court erred in admitting in evidence, over the objections of the plaintiff, the testimony of defendant Brown and Wirt as to the acts and admissions of Bailey made in the absence of plaintiff after the execution of both mortgages, and after defendant had taken possession of the property. It is a familiar principle of the law that an assignor or grantor can do no act, nor make any admissions subsequent to the assignment or grant, to impeach or impair the title of his assignee or grantee any more than the acts or admissions of a stranger. *Zoll v. Carnahan*, 83 Mo. 35; *Stewart v. Thomas*, 35 Mo. 202; *Gutzweiler's Adm'r v. Lackmann*, 39 Mo. 91; *Weinrich v. Porter*, 47 Mo. 293.

The acts and declarations of Bailey under the circumstances were wholly inadmissible in evidence under any issue in the case, and should have been excluded.

III.   The plaintiff's further insistance is, that the court erred in permitting the introduction in evidence by defendant of the mortgage deed under which he claimed title to the property.   The plaintiff in his petition claimed that he was entitled to the possession of "one mouse-colored mare mule, fourteen hands high, about seven years old, and one bay mare mule, fourteen hands high, about eight years old."   The answer in terms admits that the defendants were in possession of the property mentioned in the plaintiff's petition, etc. The mortgage offered in evidence described "one brown mare mule, five years old, and one light brown mare mule, five years old."   The plaintiff's objections to the admission in evidence of the defendant's mortgage were, *first*, that it shows on its face that it is not for the same property described in plaintiff's petition; *second*, that it contradicts the issues made by the answer, and, *third*, that the colors of the mules described in the petition and answer and the defendant's mortgage were not the same.

Manifestly the mortgage description of the mules is different from that in the petition.   The descriptive terms employed are not the same, nor can we say that these terms have a like signification and meaning, or that they may be employed interchangeably.   The term "bay" is defined as applied to horses, to be red or reddish, inclining to chestnut.   No definition is given in the works of lexicographers, to which we have had access, of the compound term, "mouse-colored."   Zoology informs us that a mouse is a small, rodent quadruped, and it may be inferred that, "a mouse-colored" mule would wear the color of that rodent, whatever it may be termed.   We should be inclined to hold that the two descriptions by their terms do not cover the same property, and that the admission of defendant's mortgage was

error. But, if it was error, we think the error was cured by the subsequent introduction of parol evidence tending to show, among farmers and stockmen, that these descriptive terms are used interchangeably and synonymously. And we think this could be properly shown by evidence *aliunde*. Jones on Chat. Mort., secs. 53, 54, 55 ; *Winter v. Lannfere*, 42 Iowa, 471 ; *Tindall v. Wasson*, 74 Ind. 495 ; Herman on Chat. Mort., sec. 39 ; *Long Bros. v. Armsby Co.*, 43 Mo. App. 253.

IV. The plaintiff complains of the action of the court in refusing this instruction asked by him, viz. : "6. The court instructs the jury that if you should find and believe from all the evidence in the case that at the time of the contracting of the indebtedness described in plaintiff's chattel mortgage ( if it was contracted ) between Bailey, Sparks and Brinker, that defendant's mortgage embraced all the property then owned by Bailey, and that afterwards and before the institution of this suit the said defendant Brown permitted Bailey to remain in possession of the property and apply the proceeds to his ( Bailey's ) own use, then said mortgage, although but for such conduct was valid, was by such conduct of Brown rendered fraudulent as to plaintiff, and you should so find." We think this complaint well founded, and that the court should have given the plaintiff the benefit of the rule it asserts. The defendant's mortgage covered, besides the mules in controversy, five head of horses, two-thirds of forty-five acres of corn in the field, two-thirds of sixty acres of wheat in the stack, wagon, reaper, cultivators, with other property of the value of upwards of $1,000. There was evidence adduced tending to show that Bailey, the mortgagor, with the consent of the defendant was permitted to sell and dispose of any of the mortgaged property that he chose and to appropriate the proceeds to his own purposes. This we think rendered the mortgage void as to the plaintiff, an existing creditor, claiming the mules as a security for his debt under a junior mortgage. *McCarty v. Miller*

*& Co.*, 41 Mo. App. 200 ; *Haugen v. Hachemeister*, 21
N. E. Rep. 1046 ; *Hisey v. Goodwin*, 90 Mo. 366 ;
*Weber v. Armstrong*, 70 Mo. 217 ; *Greely v. Reading*,
74 Mo. 309. If these facts should be found from the evidence to exist, they would render the mortgage void as
a matter of fact. This question of fact the plaintiff was
entitled to have submitted to the jury under the instructions he asked.

V. The defendant's fourth instruction which told
the jury, viz.: "The court instructs the jury that,
although they may believe from the evidence in the case
that the note of plaintiff from Bailey read in evidence is
unpaid, yet if they further believe from the evidence
that plaintiff instituted this suit and took possession of
the property in question, with the intent and for the purpose of hindering or delaying or defrauding defendant
in the collection of his debt against Bailey, if they find
and believe said Bailey was indebted to defendant, and
for the purpose of delivering, and that he did deliver
said property to said Bailey for his use and benefit, then
plaintiff cannot recover, and the jury will find the issues
for the defendant," was improperly given. There was no
evidence upon which to base it. If the plaintiff, in good
faith, pursued his legal remedy to obtain possession of the
property, and to subject it to sale under his mortgage,
certainly no inference could arise from this fact alone
that it was his intention to thereby aid Bailey in
defrauding Brown in the collection of his claim ; even
if it was Bailey's intent, when he notified plaintiff that
defendant had taken possession of the property, to
induce him to bring the suit, and, when the property was
taken into his possession under the writ, to in that way
reacquire the possession himself, there is no evidence,
direct or inferential, that plaintiff had knowledge of
such intent or participated in it. Plaintiff could not be
guilty of fraud, unless he participated in the fraudulent
intent of Bailey. *State v. Hope*, 102 Mo. 410.

There should have been, as there was not, some proof of this before the court was authorized to submit such an issue to the jury.

It results from these considerations that the judgment of the circuit court must be reversed and the cause remanded. All concur.