JOHN H. FINKS, Appellant, v. MARTIN V. HATHAWAY, Respondent.

St. Louis Court of Appeals, December 24, 1895.

1. **Practice, Trial**: ORDER FOR PRODUCTION OF PAPERS. The making, or refusal, of an order for the production of papers by a party under the statutory provision therefor is a matter of discretion. And *held*, that this discretion was not abused in this cause.

2. **Mortgage to Secure Surety**: COMPETENCY OF EVIDENCE OF ORAL AGREEMENT. A mortgage which is made to secure a surety, but does not provide for his reimbursement in money, is not varied by an oral agreement between the parties that the surety should pay the indebtedness to which his obligation extended, and should be reimbursed in services to be rendered by the principal; hence, evidence of such an agreement is competent, though the agreement was made cotemporaneously with the mortgage.

3. **Replevin by Party Holding Special Interest**: FORM OF VERDICT. When the verdict in an action of' replevin is in favor of the plaintiff, and he has only a special interest in the property replevied, while the defendant is the general owner, it is proper that the jury should, by their verdict, find the extent of such special interest, if that be a matter of controversy.

*Appeal from the Marion Circuit Court.*—HON. REUBEN F. ROY, Judge.

AFFIRMED.

*R. B. Bristow* for appellant.

*Alexis D. Bell* and *John W. Boulware* for respondent.

BOND, J.—This is an action of replevin, begun in the circuit court of Marion county, for the recovery of a sawmill and outfit. The petition was in the usual form. The answer of the defendant denied the allegations of the petition, and averred that he was the owner and entitled to the possession of the property in dispute, and demanded the return thereof. There was a verdict and judgment for defendant, from which plaintiff has appealed to this court.

The evidence shows that on November 9, 1889, defendant bought of John Bodkins the property sued for, and gave two notes for the purchase money, one for $100 and the other for $200; that plaintiff became the surety of defendant on said notes, and on the same day defendant gave to plaintiff a chattel mortgage to indemnify him as surety if he should have to pay said $200 note. Defendant also assigned to plaintiff a bill of sale under which he held title to said property. Plaintiff paid off the $100 note, and the amount thus paid was refunded to him by defendant on a settlement between them. Plaintiff's testimony tends to show that he paid on the $200 note a further sum of $125, which was never repaid to him by defendant, nor taken into account in any settlement between them. Defendant's testimony tended to prove that plaintiff only paid $100 on the $200 note; that defendant repaid this sum to plaintiff by sawing, and by giving him twelve head of cattle in October, 1890, at which time a settlement was had between them whereon it appeared that, after the repayment to plaintiff by defendant of all sums advanced by plaintiff on both of said notes, there was

a balance due defendant by plaintiff; that after this settlement defendant did other sawing for plaintiff, aggregating the sum of $300, upon which plaintiff has made no payment; and that a portion of the property taken by the sheriff and delivered to plaintiff under the writ of replevin was not included in the mortgage to plaintiff, nor the bill of sale transferred to him.

The first error complained of by plaintiff is that the court refused during the trial to make an order upon the defendant to produce the $200 note, which the evidence showed was in defendant's possession. The court was vested with full discretion in the matter of making such order. Revised Statutes of 1889, section 2181. In the present case there is nothing to show that this discretion was abused. At the time of the request for the production of the note, the plaintiff was on the stand and had gone through his examination in chief and cross-examination, and was awaiting a redirect examination. No notice had been given to the defendant to produce the note, and the court was well warranted in refusing under these circumstances to make an order for its production. The plaintiff was, however, not prejudiced, as the record shows that both of said notes were produced on the trial and that plaintiff and his witnesses were permitted to testify as to the several payments made thereon; hence there is no merit in this assignment of error.

The next point made by plaintiff is that the court overruled his objections to the oral testimony of defendant, showing that plaintiff agreed that he would pay the notes on which he was security for defendant and receive repayment therefor in lumber sawed for him by defendant. This testimony tended to prove no different contract between the parties. The mortgage does not purport to secure the payment of a definite sum in money, but to secure the plaintiff for what he might be

required to pay as surety for the defendant. It did not in terms mention any reimbursement in money, and hence proof that the parties agreed that the reimbursement should take place by the defendant's sawing lumber for plaintiff was not contradictory, but explanatory, of the instrument. It was immaterial, therefore, whether the agreement was cotemporaneous with the execution of the mortgage, or subsequent thereto, as the evidence was admissible in either case. *Sparks v. Brown*, 46 Mo. App. 534. Such evidence was not, therefore, open to the objection made.

It is next insisted by plaintiff that the court should have given an instruction, requested on his behalf, telling the jury that in considering this case they had nothing to do with any property not described or included in plaintiff's petition, and that, although they might believe from the evidence that the sheriff took from the defendant certain property not included in plaintiff's petition, this would not prevent them from returning a verdict for the plaintiff if they found he was entitled to the property described in his petition. This instruction was wholly unnecessary. It is true the evidence disclosed that, in addition to the property described in plaintiff's petition, the sheriff seized and delivered to the plaintiff other property not included therein, but the court gave the jury explicit direction on this point, by instruction number 5, to wit:

"The jury will not consider in any way the lot of tools and log wagons mentioned in the evidence. Those items, by agreement of counsel, are withdrawn from your consideration in all respects."

The giving of this instruction, supported as it was by the agreement of counsel, was all that plaintiff was entitled to on that point.

Plaintiff also insists that the court should have given his instruction to the effect that, if the jury found

for the plaintiff, they should find he was entitled to the possession of the property in dispute at the date of the suit and assess his damages at a nominal sum. The court told the jury in the instructions given of its own motion that, if they found that defendant had not repaid to plaintiff all that plaintiff had paid on account of his suretyship, they should return a verdict for plaintiff, and should further find "the amount due plaintiff on account of said payments," allowing to plaintiff interest from the dates of said payments to the present time, and should in their verdict find and state the value of the property at the present time. As the plaintiff only had a special interest in the property mortgaged to him, it was proper for the jury to find the extent of that interest, if any, in order that the defendant, who was the general owner, might pay the same and recover the property (or its value) which had been turned over to plaintiff by an order of delivery on the institution of this suit; hence there was no error in refusing this instruction requested by plaintiff.

Neither is there any merit in the point made by plaintiff, that the verdict of the jury "is general as to the property in controversy." In the present case plaintiff's affidavit for the writ of replevin shows that the property in question was worth $150. The jury found that it was only worth $100 on the day of the trial and assessed defendant's damages at $40, thus finding the aggregate of the value of the property and the damages to be $10 less than the value of the property alone as shown in plaintiff's affidavit in this cause. This precludes any reasonable inference that the jury, in estimating the value of the property, included that which was withdrawn from their consideration by instruction number 5, *supra*.

Finding no reversible error on the trial of this cause, the judgment herein will be affirmed. All concur.